**JUSTICE AT WORK LAW GROUP, LLP**
Tomas E. Margain, Bar No. 193555
1550 The Alameda, Suite 302
San Jose, California 95126
Telephone: (408) 317-1100
Facsimile: (408) 351-0105

Attorneys for Plaintiff
 MARIA CAMPOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CAMPOS,<br><br>        Plaintiffs,<br><br>v.<br><br>CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC.<br><br>        Defendants. | Case No. 21-8571<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE AND CALIFONRIA BUSINESS AND PROFESSIONS CODE** |

Plaintiff MARIA CAMPOS, on behalf of herself complains and alleges as against Defendant CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC as follows:

**INTRODUCTION**

1.	This action is brought under the Fair Labor Standards Act (FLSA) and California Labor Code, against Defendant for violations of federal overtime laws.

2.	Defendant provides various labor services, including window washing, construction clean up, floor maintenance, pressure washing, trash and graffiti removal and other specialty services described on its website (www.capitalbldg.com/special-services/).

3.	Plaintiff is a former employee of Defendant who was not compensated at the proper rate for her overtime hours and not compensated for all hours worked.  Plaintiff primarily worked in

the construction clean up division of Defendant and most of her work was on public works construction subject to the payment of prevailing wages.

4. The claims revolve around the following:

(a) When overtime hours are worked, Defendant lowers the hourly rate of pay for overtime hours and uses that lower rate to compute the overtime rate, rather than computing the "regular rate of pay" or using the *weighted average* rate to pay for overtime, in violation of the FLSA's overtime requirements.  This is also actionable as a secret payment of a lower wage than designated by contract or statute as the terms are used in California Labor code section 223.

(b) Plaintiff was required to drive workers, pick up workers, or to move materials and equipment using her vehicle and was not compensated for this time or for the expenditures primarily mileage.

(c) Defendant enforces a compensation policy or practice of paying workers based on time records that are inaccurate and do not capture all hours worked, in violation of the California Wage Orders and Labor Code.

(d) Defendants were contractually bound to pay Plaintiff a union wage scale and by splitting hours violated California Labor code section 223.

5. Defendant's use of a lower rate of pay for overtime rather than the weighted average of all rates used within the workweek violates the FLSA.

6. 29 C.F.R. § 778.115 states in pertinent part:

Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

7. Defendants also failed to pay its unionized workforce, who received an hourly wage rate negotiated by their representatives the Northern District Council of Laborers.  Despite this wage

rate, by lowering the regular rate for purposes of overtime hours, Defendants paid a lower rate than that designated by contract.  Moreover, to the extent some of this work involved public works projects subject to the payment of prevailing wages, the rate used violated a wage determined by statute.

8. Plaintiff brings this lawsuit to challenge the unfair and unlawful practices that Defendant have engaged in with regard to its compensation policies.

9. Plaintiff seeks restitution and compensation on behalf of herself for unpaid wages, overtime premiums, statutory penalties, and interest.  Finally, Plaintiffs seek reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act (FLSA), the California Labor Code, including sections 1194.[1]

## PARTIES

10. Plaintiff MARIA CAMPOS is an individual over the age of eighteen (18) and at all relevant times residents of Alameda County in California.  Plaintiff was employed by Defendant within the four years preceding the date that this Complaint was filed.

11. Plaintiff CAMPOS by this Complaint hereby opts in as a plaintiff to bring overtime claims against Defendant pursuant to the FLSA.

12. Defendant CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC. is a California corporation headquartered in San Mateo County.  It is authorized to, and in fact does, business in the State of California.

## JURISDICTION, VENUE, & TOLLING

13. This Court has jurisdiction over Plaintiff's claims and those of similarly situated current and former employees for unpaid wages under the FLSA both under Enterprise Coverage and Individual Coverage.

---

[1] All further references to Labor Code, Business and Professions Code, or Code of Civil Procedure are references to California statutes.

14. Venue is proper in this Court because Defendant is a California corporation that is based in and operates out of this Court's district.

15. Plaintiff seeks to toll the statute of limitations based on the filing of a class action lawsuit, to which she opted out, as well as the Covid-19 pandemic.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

16. Defendant provides labor services throughout the San Francisco Bay Area and Northern California. This includes "construction clean-up" work performed in conjunction with construction activities, the vast majority of time in buildings that were not presently tenant occupied and on public works projects subject to the payment of prevailing wages.

17. At all times relevant to this action, Defendant compensated its employees on an hourly basis, including Plaintiff.

18. At various times relevant to this action, Defendant lowered overtime pay to an overtime rate of just a few dollars more than the regular rate. This was done by lowering the regular rate of pay which for Defendants unionized employees was set by contract with the Northern California District Council of Laborers.

19. The overtime hours would also primarily be put in separate pay checks with separate wage statements paid in the same pay period.

20. Defendant violated California Labor Code sections, 223, 1194 and 1194.2, among other provisions, by not paying all wages including overtime wages, regular wages, and for off the clock work.

21. Defendant had a pay system, used by all workers, in which they would not properly record all hours worked, resulting in workers not being paid for all hours worked and not being paid minimum wage for all hours worked. This occurred in rounding situations where workers would put their start and end time as half hour intervals despite the actual time they began or ended their

employment. As to CAMPOS, this also occurred as she was required to pick up workers from their homes or public transportation, return them to their homes or public transportation, ferry workers from one job to another or ferry materials to and from jobs.

22.     Defendant violated California Labor Code section 226 by issuing wage statements for overtime pay that did not list the regular rate of pay and did not properly calculate overtime wages.

**COUNT ONE**
**FEDERAL CLAIM**
*Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Minimum Wage and Overtime*

23.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

24.     Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r)-(s) and related Department of Labor regulations.

25.     Defendant's employees worked at various times more than forty (40) hours a week.

26.     At all relevant times herein, Defendant was required by the Fair Labor Standards Act to pay their employees, including Plaintiff and other similarly situated employees, at their regular rate for all regular hours and at their overtime rate of one-and-a-half (1.5) times the regular rate for all hours over 40 in a week. 29 U.S.C. § 201, *et seq*.

27.     At all times relevant to this action, Defendant has been subject to the requirements set forth in 29 C.F.R. § 778.115, which states the following:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

28. Defendants routinely required, suffered or permitted Plaintiff and other similarly situated employees to work more than forty (40) hours per week without paying all of their wages for overtime work or compensating for overtime at the rate required by the FLSA.

29. In failing to pay their employees all overtime wages at one-and-one-half (1.5) times their regular rate of pay, Defendant willfully violated the FLSA.

30. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other similarly situated employees incurred general damages in lost overtime wages in an amount to be proved at trial.

31. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA and without good cause, failed to pay Plaintiff and other similarly situated employees proper wages. Defendant is thus liable to Plaintiff for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations.  29 U.S.C. §§ 216(b) and 255(a).

32. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA. 29 U.S.C. § 216(b).

**COUNT TWO**
**PENDENT STATE CLAIM**
*California Labor Code §§ 1194, 1194.2, 1197 and Wage Orders*
*Failure to Compensate for All Hours Worked and Violation of Minimum Wage*

33. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. Defendant is required to compensate employees for all "hours worked" as set forth in the applicable Wage Order(s).

35. Defendant is also required to compensate employees for all hours worked at rates that are not less than the legal minimum wage, pursuant to Labor Code section 1194.

36. Under Labor Code section 1194.2, an employer that violates the minimum wage is liable for liquidated damages in an amount equal to the minimum wages owed.

37. Defendant failed to compensate Plaintiff for all hours worked, resulting in violations of Labor Code section 1194 and the Wage Orders.

38. Defendant paid Plaintiff based on time sheets that did not contain all hours worked.

39. As a result of Defendant's practice or policy, Plaintiff was paid no wages for portions of their workday, in violation of California's minimum wage laws.

40. Defendant is liable to Plaintiff for wages, liquidated damages, interest, attorney's fees and cost of suit, pursuant to Labor Code section 1194 and 1194.2.

**COUNT THREE**
**PENDENT STATE CLAIM**
*California Labor Code § 223 Failure to Pay Wage Rate Designated by Statute or Contract*

41. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Defendant is required to compensate employees who are members of an affiliated Local of the Northern California District Council of Laborers for all "hours worked" at a wage scale designated for that particular covered work .

43. "Construction Clean-up" or "Final Clean-up" is covered work that has a pre-negotiated uniform wage rate for workers including Plaintiff.

44. Under Labor Code section 223, an employer that violates the law when it pays a worker less than the rate of pay designated by contract or statute.

45. Defendant failed to compensate Plaintiff at the proper rate of pay, resulting in violations of Labor Code section 223.

46. Defendant is liable to Plaintiff for wages, liquidated damages, interest, attorney's fees and cost of suit, pursuant to Labor Code section 223.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code § 203*
*Waiting Time Penalties*

47. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

48. At the time Plaintiff's employment with Defendant was terminated, and any other similarly situated employee who was terminated, Defendant owed him unpaid regular and overtime wages as previously alleged, and such wages owed to them were ascertainable at the time of termination.

49. Failure to pay wages owed at an employee's termination subjects the employer the payment of a penalty equaling up to thirty (30) days' wages. Cal. Labor Code §§ 201 and 203.

50. As of this date, Defendants has failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendant liable to Plaintiff and other similarly situated employees for penalties equal to thirty (30) days' wages.

51. Plaintiff and other similarly situated employees can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practices Act.

**COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code § 226*
*Failure to Provide Accurate Wage Statements*

52. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

53. At all times relevant hereto, Defendant was required to provide each employee with accurate wage statements setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, all applicable hourly rates, and the name and address of the employer. Cal. Labor Code § 226.

54. California Labor Code section 226(a) requires:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

55. Defendant knowingly and intentionally failed to provide Plaintiff and other similarly situated employees with accurate, itemized wage statements in compliance with Labor Code § 226. Such failures in Defendant's itemized wage statements include, among other things, not accurately showing the total hours worked, not showing all applicable rates of pay, including the rate for overtime hours worked and amount of overtime pay, not accurately showing gross and net wages earned, and/or incorrectly reporting gross wages earned.

56. As a direct result of Defendant's conduct, Plaintiff and other similarly situated employees were never provided with accurate paystubs. Plaintiff and other similarly situated employees are entitled to recover penalties in an amount of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

57. Plaintiff has incurred and will continue to incur attorney fees in the prosecution of this action.

**COUNT SIX**
**PENDENT STATE CLAIM**

California Labor Code § 2802

Failure to Provide Accurate Wage Statements

58. Plaintiff re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

59. DEFENDANT required Plaintiff to use her vehicles to move workers, tools and materials to perform her work duties.

60. Plaintiff used her personal vehicles in the discharging of her duties for the benefit of DEFENDANT.

61. Further, DEFENDANT failed to reimburse PLAINTIFF for the use of her personal vehicles in the discharging of their duties for the benefit of DEFENDANT.

62. Plaintiff seeks penalties, costs and attorneys' fees under Labor Code §2802.

**COUNT SEVEN**
**PENDENT STATE CLAIM**
Business and Professions Code §§ 17200 et seq.
Engaging in Unfair Competition

63. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

64. At all times relevant herein, Defendant was required to pay their employees, including Plaintiffs and other similarly situated employees, at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. 29 U.S.C. §§ 207 and 216, Cal. Labor Code §1194; IWC Wage Order 5-2001 and 16-2001.

65. Defendants were also required to provide their employees compliant wage stubs. Cal. Labor Code § 226.

66. At all times relevant herein, Defendants were also required to refrain from engaging in unfair competition. Cal. Bus. & Prof. Code § 17000, *et seq*.

67. Defendant engaged in unfair competition by failing to pay Plaintiff and other similarly situated employees for all hours worked and at an overtime rate for her overtime hours. Plaintiffs and other similarly situated employees were entitled to those wages, which Defendant kept for itself. These illegal acts gave Defendant a competitive advantage over other employers and business in the care provider industry who were in compliance with the law.

68. Defendants were also aware of the existence and requirements of the Unfair Trade Practice Act, and the requirements of the Labor Code and Wage Order 5, 2001 and 16-2001, but knowingly, willfully, and intentionally failed to pay Plaintiffs and other similarly situated employees for all hours worked and at their overtime rate for their overtime hours and provide them breaks.

69. As a direct and proximate result of Defendant's failure and refusal to pay for all hours and pay at the overtime rate for all overtime hours, Plaintiff's rights were violated, as well as the rights of other similarly situated employees, and they suffered general damages in the form of unpaid wages in an amount to be proved at trial.

70. Plaintiff and other similarly situated employees have been illegally deprived of their overtime pay and herein seek restitution pursuant to Business and Professions Code § 17203.

### *Attorney's Fees and Costs*

71. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private

enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement.  Plaintiffs are incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein.  As prayed for below, Plaintiff and her counsel, JUSTICE AT WORK LAW GROUP, LLP, are entitled to and seek an award of attorneys' fees and costs pursuant law including but not limited to the FLSA, Code of Civil Procedure § 1021.5, Labor Code § 1194 and other applicable laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For declaratory relief as pled or as the Court may deem proper;
2. For preliminary and permanent injunctive relief prohibiting Defendant, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;
3. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;
4. For an order awarding Plaintiff compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed Plaintiff together with interest on these amounts, according to proof;
5. For overtime wages and interest for Plaintiff under the FLSA, 29 USC §§ 201 *et seq.*;
6. For liquidated damages under the FLSA for Plaintiff;
7. For wages and liquidated damages and interest pursuant to Labor Code §§ 1194 and 1194.2;
8. For unreimbursed expenses under Labor Code § 2802;
9. For an award of reasonable attorneys' fees as provided by applicable law, including the FLSA, Labor Code section 1194 and Code of Civil Procedure § 1021.5;
10. For reasonable attorney's fees and costs, including expert witness fees, pursuant to California Labor Code §§ 2699 *et seq.*;

11. For all costs of suit; and

12. For such other and further relief as this Court deems just and proper.

Dated: November 3, 2021                           **JUSTICE AT WORK LAW GROUP, LLP**

*Tomas Margain*
_____

Tomas E. Margain
Attorneys for Plaintiff
MARIA CAMPOS